UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NOEL D.E. DANDY | : | |
| | : | |
| v. | : | C.A. No. 10-291ML |
| | : | |
| MONRO MUFFLER | : | |
| CORPORATION, et al. | : | |

**REPORT AND RECOMMENDATION
FOR DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

On July 12, 2010, Plaintiff Noel D.E. Dandy filed a Complaint naming Monro Muffler
Corporation; Monro Muffler Brake & Service; Tire Warehouse Corp.; Pam Lachance of T.W.
Central; Bobby Shlosser, V.P. Store Operations; Steve Travers, Manager; and Dave Cox, District
Manager; as Defendants. (Document No. 1). Plaintiff's Complaint was accompanied by an
Application to Proceed Without Prepayment of Fees and Affidavit ("IFP"), including the $350.00
civil case filing fee. (Document No. 2). After reviewing Plaintiff's Application to Proceed IFP, this
Court concludes that he is unable to pay fees and costs in this matter and thus, his Application to
Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's
Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or
malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed
below, this Court recommends that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE
because it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to
28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Standard of Review**

Section 1915 of Title 28 requires a Federal Court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (quoting Mobley v. Ryan, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000)) (citations omitted).

**Discussion**

This Court is recommending that Plaintiff's Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to the facts alleged in Plaintiff's Complaint, it presently fails to state any viable legal claims.

This is one of four lawsuits filed in July 2010 by this <u>pro se</u> Plaintiff. The other three (<u>Dandy v. State of Rhode Island</u>, C.A. No. 10-286ML; <u>Dandy v. United States</u>, C.A. No. 10-288ML; and <u>Dandy v. Latroverse</u>, C.A. No. 10-289S) have been summarily dismissed under 28 U.S.C. § 1915(e). In his one-page Complaint in this case, Plaintiff appears to have a dispute with a former employer(s) and/or certain management employees over the reason he was "fired." As with his prior filings, the allegations in the present Complaint are confusing and conclusory, and do not give the named Defendants fair notice of either the legal or factual bases for his claims. Rule 8 of the Federal Rules of Civil Procedure requires that a Complaint contain both a short and plain statement of the grounds for the Court's jurisdiction and a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 8, Fed. R. Civ. P. Plaintiff's Complaint is deficient in both respects.

As to jurisdiction, the Complaint contains a confusing string of purported federal statutes[1] which includes "42 U.S.C. 1981" (Equal Rights under the Law) and "42 U.S.C. 1881a" (National Science Foundation Award) but no short and plain explanation as to how the named Defendants may have violated these statutes. (Document No. 1, ¶ 1). The Complaint claims a violation of Plaintiff's "constitutional rights" (Document No. 1, ¶ 4) without any short and plain explanation as to which provisions of the Constitution were violated, how and by whom. Plaintiff also alleges in his prayer for relief that he is disabled as defined in the American with Disabilities Act ("ADA"), but offers no explanation of how any conduct by any of the named Defendants may have violated the ADA. Finally, the Complaint alleges that the Defendants made a false statement but does not identify which Defendant(s) made the statement, the substance of the statement and when it was made.

---

[1] Specifically, the Complaint provides as follows: "Alleges Jurisdiction (1977) (42 U.S.C. 1981) Sec. 1977A [42 U.S.C. 1881a] Sec. (1), (2), (3)." (Document No. 1, ¶ 1).

Plaintiff's Complaint leaves the Court guessing as to his claims and thus is deficient and noncompliant with Rule 8.

**Conclusion**

Having reviewed Plaintiff's Complaint and filing history, this Court recommends, for the reasons discussed above, that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 7, 2010